PROVOSTY, J., absent on account of illness, takes no part.

======

(64 South. 825.)

No. 20,143.

MYLES SALT CO. v. BOARD OF COM'RS OF IBERIA & ST. MARY DRAINAGE DIST.

(March 16, 1914.)

*(Syllabus by the Court.)*

DRAINS (§ 14*)—DRAINAGE DISTRICT—SETTING ASIDE—GROUNDS.

A property owner, whose property has been included within a drainage district, cannot, without alleging fraud in the formation of the district, maintain a suit to have the district set aside on the mere allegation that his property will not be benefited by the expenditure of the drainage district tax fund, to which he is made to contribute.

[Ed. Note.—For other cases, see Drains, Cent. Dig. §§ 5, 6; Dec. Dig. § 14.*]

Appeal from Nineteenth Judicial District Court, Parish of Iberia; James Simon, Judge.

Action by the Myles Salt Company against the Board of Commissioners of the Iberia & St. Mary Drainage District. From judgment for defendant, plaintiff appeals. Affirmed.

Burke, Burke & Smith, of New Iberia, and Farrar, Jonas, Goldsborough & Goldberg, of New Orleans (Edgar H. Farrar and Richard F. Goldsborough, both of New Orleans, of counsel), for appellant. L. T. Dulany, of New Iberia, for appellee.

BREAUX, C. J. This action was brought by plaintiff, the owner of property surnamed Island, for a judgment annulling and setting aside an ad valorem tax of five mills for 50 years. The record consists of a petition by plaintiff and an exception of no cause of action by defendants, in which defendants set forth in detail the different grounds upon which they rest their defense.

The grounds of plaintiff, as set forth in its petition, are, substantially, that the defendant drainage district was organized years ago to drain the lowlands between the Island of plaintiff and the Teche Bayou; that, in forming the district there were lateral lines running not very far from plaintiff's property that were made to deflect at right angle, so as to include the Island of plaintiff.

It is a well-known fact that the formation of the five islands following a cordon along the western boundary is a distinct formation from that of the surrounding country. The islands are high while the marshes and marais, as the name indicates, are low. They are distinct, except as they form part of the landscape; one assisting in developing the picturesqueness of the other.

Along the marshes, people have dwelt for many years who seek to drain the low places.

It is clearly alleged in plaintiff's petition that its property is not in any degree advantaged or benefited by the drainage district. Plaintiff charged: That the only purpose in extending the lines around its property, after having deflected for a considerable distance from the direct course, was solely for the benefit of the lowlands, and not with a view of adopting a general plan of drainage for the benefit of all the other property owners. That the purpose was to obtain a large revenue without once thinking that any part of this revenue would be expended for the drainage of the Island. That an ad valorem tax of five mills for 40 years is too much of a burden upon the property without giving one thought to the drainage in so far as it was concerned.

That plaintiff and others could not do otherwise than protest against the imposi-

tion of the tax and the issuance of the bonds which the drainage district proposed to issue.

That defendants did not have even a negligible concern in plaintiff's drainage; in fact, that plaintiff did not need drainage, because the water flows down the slopes of the Island to the neighboring waters without the least aid. That plaintiff's property is the most valuable and the highest assessed of all the property in the district. That it has never received a cent of benefit from the drainage district, and never will. That only the lands of others will be benefited. That all of these plans and projects for part of the part are unconstitutional, and a usurpation of authority, and an attempt to take petitioner's property without due process of law, in violation of the fourteenth amendment of the Constitution.

The defendant, on the other hand, urged that plaintiff had no good cause of action, as plaintiff has sought to pitch its suit on the want of benefit to be derived from the tax; that the question has been settled heretofore by the decision of the court; that the decision contains no allegation of fraud, and therefore sets forth no good ground upon which the court can question the action of the police jury.

Defendant in its exception claims attorney's fees as damages for the dissolution of the injunction.

The judge of the district court found, as urged by defendant, that the issues had been settled by repeated decisions of the courts against the plaintiff, and that also, because a necessary averment of fraud and wrong or unauthorized invasion of private rights was wanting to sustain the motion to dissolve the injunction, the court dismissed the action, and awarded damages for fee of attorney.

The district court accepted as correct the view that the decisions heretofore rendered settle the question forever that the local authorities as to drainage have the absolute right to organize drainage districts and give them shape and boundary lines as they choose.

It is upon that theory that the case is before us for decision; defendant claiming the unlimited authority of the drainage board in forming districts, and the plaintiff denying that the authority is not extended, as claimed by the defendant.

Without an element of fraud alleged, the court properly dismissed the suit.

The court, in the case of Bernard v. Bayou Portage Drainage District, 130 La. 637, 58 South. 493, among other reasons given for the decision said that, as no fraud or wrong had been made to appear, it would not interpose authority that would result in destroying a district.

The situation is very similar in this case, except that it is a stronger case, in that fraud was alleged in the cited case.

Here no fraud has been alleged, nor its equivalent; besides, the question has been frequently decided that the court would not interfere with the action of local authorities in establishing districts. Unless it is made to appear that the case presented differs materially from those heretofore decided, the court will have to adhere to its former ruling upon the subject.

This, we take it, cannot be made to appear, unless it is evident that fraud has been attempted or actually committed.

Again, in the case of the St. Mary Drainage District, 104 La. 703, 29 South. 302, fraud was charged. The local authorities were endeavoring to reclaim a small part of a district without regard to the reclamation in a very large remaining area.

There was substantially discrimination.

Here the issues do not present that question.

Under well-established jurisprudence, there

must be more than an ordinary error alleged.

At this time, in the history of the jurisprudence of this state, it is of great importance not to set aside that which has received repeated approval. Hence the necessity of more than ordinary allegations. It is not a question of ordinary error.

Without going further into the question presented in an exception, we will sustain the district court's ruling.

For reasons stated, the judgment appealed from is affirmed.

PROVOSTY, J., absent on account of illness, takes no part.